IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DENISE ECKERT** | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | JURY TRIAL |
| **CITY OF CORPUS CHRISTI, TEXAS;** | § | |
| **and JACOB O'SULLIVAN,** *Individually* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Denise Eckert, filing this *Plaintiff's Original Complaint*, and bringing this action against the City of Corpus Christi, Texas, and Jacob O'Sullivan, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff her rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

## PARTIES

2. Plaintiff Denise Eckert (hereinafter "Mrs. Eckert") is a resident of Corpus Christi, Nueces County, Texas.

3. Defendant City of Corpus Christi, Texas, (hereinafter "City"), is a political subdivision of the State of Texas and can be served with summons upon City of Corpus Christi, Texas, Mayor

Joe McComb, 1201 Leopard Street, Corpus Christi, Texas 78401 or P.O. Box 9277, Corpus Christi, Texas 78469.

4. Defendant Jacob O'Sullivan (hereinafter "O'Sullivan") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed during of his employment with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant may be served with summons at her place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain St., Corpus Christi, Texas 78401.

## FACTS

5. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

6. On August 3, 2018, Plaintiff was on the grounds of a condominium complex (where she owned a unit) with several other people, including her husband. Amongst the crowd were several persons that did not belong on the grounds – people that Plaintiff objected to being at the location and/or because they were not wearing the required "wrist band" denoting their allowed presence on the grounds.

7. O'Sullivan was living at the residence and "moonlighting" as a "courtesy officer" at the condominium. Instead of heeding the concerns of Plaintiff (a resident/owner), O'Sullivan instead became concerned (and not very courteous in expressing such) that Plaintiff was asking him to do so. As a result of the discussion between Plaintiff and O'Sullivan, O'Sullivan became upset and felt that he had been "disrespected" by Plaintiff. As a direct result and based on his personal

2

feelings, O'Sullivan arrested Plaintiff. While O'Sullivan initially informed persons that Plaintiff was being arrested for public intoxication (a charge which could not be supported), such was later changed to disorderly conduct (another charge that could not be supported). Regardless, such charge was dismissed on October 31, 2018.

### FIRST CLAIM FOR RELIEF - - §1983

8. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

9. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

10. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Mrs. Eckert alleges that Defendants, jointly and/or severally deprived her of her First and Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

   a) by falsely and maliciously charging Plaintiff with the commission of a crime without probable cause to believe that such crime had occurred;

b) by detaining/arresting Plaintiff in violation of her Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause; and/or

c) by detaining/arresting Plaintiff in response to Plaintiff's criticism/concerns of/with law enforcement, in violation of her First Amendment protections.

11. **§ 1983 - Municipal liability.** It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in-compliance-with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, City is liable because its failure to train that the criticism of police is never justification for an arrest and/or because such arrests (based on first amendment speech) are representative of a customary practice and/or policy or procedure that was sanctioned and/or tacitly followed by City.

12. **§1983 - False Arrest and/or False Imprisonment**. Mrs. Eckert further alleges that Defendants, jointly and/or severally have violated her Fourth Amendment rights when she was unreasonably falsely arrested and detained.

13. Mrs. Eckert pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested her without probable cause. Defendants did not have probable cause to arrest her because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that Plaintiff had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that a mere conversation warranted Mrs. Eckert's arrest.

14. **§ 1983 - Malicious Prosecution**. Mrs. Eckert also pleads a cause of action for malicious prosecution under §1983. Defendants, acting under color of state authority, maliciously charged

Mrs. Eckert with a crime and tendered false information concerning said charge to the prosecutor which leads that person to believe that probable cause exists when there is none. Additionally, Mrs. Eckert can demonstrate that the prosecution that is central to her civil lawsuit terminated in her favor. Defendants not only caused the prosecution to be brought, but were prepared to testify, and submitted information in such regard, in aid of such prosecution. Defendants acted without probable cause and with malice and caused Mrs. Eckert to expend funds in hiring an attorney and further caused Mrs. Eckert to suffer mental anguish damages.

### **SECOND CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment**

15. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendants" in this section only applies to O'Sullivan and does not include Defendant City.

16. As a pendent state cause of action, at all times material and relevant herein, O'Sullivan, by acts and/or omissions and under color of state law, willfully detained Mrs. Eckert without her consent and without authority of law. Mrs. Eckert pleads false imprisonment as O'Sullivan had the intent to confine/punish Plaintiff, and carried out the intent by putting her in a position so that she could not move, let alone leave. Mrs. Eckert was conscious during the confinement and said confinement resulted in harmful detention, without consent, and without authority of law.

### **THIRD CLAIM FOR RELIEF - - Texas - - Malicious Prosecution**

17. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendants" in this section only applies to O'Sullivan and does not include Defendant City.

18. As a pendent state cause of action, at all times material and relevant herein, O'Sullivan, by acts and/or omissions and under color of state law, instituted criminal proceedings against

Mrs. Eckert with malice and under color of state law.  Hence, Mrs. Eckert also pleads a cause of action for malicious prosecution under state law of Texas and said claim is set forth above.

## DAMAGES

19. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Mrs. Eckert has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock.

20. Said injuries have caused Mrs. Eckert to incur special damages which include but are not limited to: the occurrence of attorneys' fees associated with her criminal charges.

21. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover her attorney's fees.  Hence, Mrs. Eckert further prays for all costs and attorney fees associated with bringing the present case to trial.

22. In addition, Mrs. Eckert prays for punitive damages against O'Sullivan. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Mrs. Eckert alleges and prays for punitive damages against O'Sullivan, as O'Sullivan actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Mrs. Eckert prays that upon trial of the merits, she recover compensatory damages against Defendants, jointly and severally; that Mrs. Eckert

also recover punitive damages against O'Sullivan in an amount to punish and/or deter and to make an example of O'Sullivan in order to prevent similar future conduct; and, that Mrs. Eckert recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Mrs. Eckert prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Mrs. Eckert recover against each Defendant any and all other general or specific relief to which he proves herself justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361) 808-4444
Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).