Case 2:19-cv-00326   Document 24   Filed on 06/29/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DENISE ECKERT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-326 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTIONS TO DISMISS

Plaintiff, Denise Eckert (Eckert), an owner of a condominium unit, was involved in an altercation with persons who were allegedly on the premises of the condominium property without authority. According to her complaint, Defendant Jacob O'Sullivan (O'Sullivan) arrested her and charged her with public intoxication and/or disorderly conduct. He did so either in his official capacity as a law enforcement officer for the Corpus Christi Police Department or in his personal capacity. The charges were dismissed in her favor. Eckert now claims that the only reason for her arrest was O'Sullivan's overreaction to her exercise of free speech, which was critical of him. D.E. 1.

Pursuant to 42 U.S.C. § 1983, Eckert asserts claims against O'Sullivan and Defendant City of Corpus Christi (City) for: (a) malicious prosecution; (b) false arrest (unreasonable search and seizure) in violation of the Fourth Amendment; and (c)

violation of her freedom of expression guaranteed by the First Amendment.[1]  She also sues O'Sullivan under state law for false arrest and malicious prosecution.  D.E. 1.  Defendants filed separate motions to dismiss.  D.E. 8, 16.  O'Sullivan further seeks alternative relief in the form of an order compelling Eckert to plead more specifically to his qualified immunity defense.  D.E. 16.  Plaintiff filed a combined response.  D.E. 18.  And the City filed a reply.  D.E. 20.  For the reasons set out below, the Court GRANTS the City's motion (D.E. 8) and GRANTS IN PART and DENIES IN PART O'Sullivan's motion (D.E. 16).

### A. Claims Against the City

Eckert states her § 1983 constitutional claims as against both Defendants, jointly and severally.  Yet, it is well-settled that a municipal employer cannot be held vicariously liable under § 1983 for the acts or omissions of its employees.  *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  Therefore, it is not enough to state in conclusory form—as Eckert does—that any act of O'Sullivan was authorized or ratified by the City.  D.E. 1, p. ¶ 5; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

Instead, to state a claim against a city, the plaintiff must assert that the moving force behind the alleged constitutional violation was an official policy or a custom, practice, or procedure that is so persistent and widespread as to represent a policy unofficially approved by the municipal policymaker.  *Id*. at 691.  Isolated violations

---

[1] There was also some concern that Eckert raised Fifth Amendment claims against Defendants, who are not federal actors.  Plaintiff has clarified that no such direct Fifth Amendment claims have been made. D.E. 18, p. 2.  Instead, any due process charges are based on the Fourteenth Amendment. D.E. 1, p. 3.

unconnected to evidence of a policy or custom are insufficient to show a *Monell* violation. *Bennett v. City of Slidell*, 728 F.2d 762, 768-69 (5th Cir. 1984).

Eckert's attempt to articulate such a claim are insufficient. She alleges that the City failed to train law enforcement personnel that criticism of the police is not sufficient justification for arrest. But she cites no policy to that effect. And while she recites that Eckert's arrest is "representative of a customary practice and/or policy or procedure that was sanctioned and/or tacitly followed by City," that statement is not supported by factual allegations regarding any other "such arrest." D.E. 1, ¶ 11. For that reason, it is conclusory and the pleading does not survive the requirements of *Twombly* and *Iqbal*.

Eckert's primary defense of her pleading is based on applying the standard of *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). *Leatherman*, which predates *Twombly* and *Iqbal*, tolerated conclusory, boilerplate pleading. Eckert asserts that the *Leatherman* standard survived and governs the pleading of this case. This argument is inconsistent with the reasoning in *Twombly* and *Iqbal*, as this Court held in *Gonzales v. Nueces County, Tex*as, 227 F. Supp. 3d 698, 704 (S.D. Tex. 2017). Eckert has not supplied any new authority to call that conclusion into question. Therefore, the Court again rejects the *Leatherman* argument.

Eckert further suggests that her claim against the City satisfies the *Twombly/Iqbal* standard in that it is plausible that the City failed to train O'Sullivan regarding the impropriety of arresting an individual solely on the basis of that person's criticism of law enforcement. But the viability of Eckert's claim against the City cannot be measured by the plausibility of an isolated constitutional violation. As set out above, *Monell* requires a

policy or a persistent widespread practice. Eckert's complaint contains no hint of facts that would support those essential elements of her claims against the City. She has not satisfied the *Twombly/Iqbal* standard.

The Court GRANTS the City's motion (D.E. 8) and DISMISSES Eckert's claims against the City for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Because complaints made against a police officer as a governmental employee in his official capacity are to be treated as claims against his employer, the Court DISMISSES Eckert's § 1983 claims against O'Sullivan in his official capacity for the same reasons. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court need not, and does not, address the City's remaining arguments regarding the viability of a stand-alone malicious prosecution claim under constitutional law.

### B. Personal Capacity Claims Against O'Sullivan

In his motion to dismiss, O'Sullivan offers two dispositive defenses.[2] First, he seeks qualified immunity for the constitutional claims made against him. *See generally*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Second, he asserts that the state common law claims can only be brought against his employer under the Texas Tort Claims Act (TTCA). Tex. Civ. Prac. & Rem. Code § 101.106(f). Both of these defenses require that the claims alleged against him involve conduct in the course and scope of his duties as a governmental employee. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); TTCA § 101.106(f).

---

[2] While he briefed a third defense—that he was not a federal actor for Fifth Amendment purposes—Eckert has clarified that she is not seeking relief against him as a federal actor. D.E. 18, p. 2.

4 / 7

Eckert pled her personal capacity claims in the alternative, as she pointed out in her response (to which O'Sullivan did not reply). D.E. 18, p. 11.  She sued O'Sullivan as both a Corpus Christi Police Department law enforcement officer and as a "courtesy officer, moonlighting" for the private condominium complex where he also lived. D.E. 1. In the absence of admissions in the complaint, the burden of showing the exercise of discretion in the course and scope of government employment falls on the defendant. "The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority." *Salas*, 980 F.2d at 306 (citing *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982), *cert. denied*, 460 U.S. 1012 (1983)).

This case is at the pleading stage and the standard of review requires that any decision be made (a) on the face of the pleading alone; (b) with matters incorporated by reference into the complaint; or (c) with facts subject to judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).  O'Sullivan's recitation that he was a uniformed police officer acting in his official capacity as a police officer at the time of this incident is not a definitive fact that is derived from or supported by the complaint, incorporated materials, or judicial notice.  *See* D.E. 16, p. 3. It cannot eliminate Eckert's alternative claim that O'Sullivan was acting outside the scope of his governmental employment.  Consequently, the alternative pleadings prevent a Rule 12(b)(6) resolution

of the claims against O'Sullivan in his personal capacity pursuant to his qualified immunity and TTCA defenses.[3]

The Court is aware that there is a body of law by which O'Sullivan could be treated as a governmental employee even if he was off duty at the time of the incident.

> Police officers have a duty to prevent crime and arrest offenders. Tex. Code Crim. Proc. Ann. art. 2.13 (Vernon 1977). An off-duty police officer who observes a crime immediately becomes an on-duty police officer. *See Hafdahl v. State*, 805 S.W.2d 396, 401 (Tex. Crim. App. 1990); *Vernon v. City of Dallas*, 638 S.W.2d 5, 8–9 (Tex. App.—Dallas 1982, writ ref'd n.r.e.); *see also* Tex. Code Crim. Proc. Ann. art. 2.13 (Vernon 1977).

*City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex. App.—Dallas 1994, no writ). However, because this issue has not been briefed and may require evidence, the Court finds that this principle of constructively placing a police officer on duty has not been sufficiently developed to sustain the current motion to dismiss.

The Court DENIES IN PART O'Sullivan's motion (D.E. 16) to the extent that it seeks dismissal of the claims against him.

### C. Request for Order to Plead to Qualified Immunity

Because O'Sullivan's defenses are not yet ripe for decision, the Court GRANTS IN PART O'Sullivan's motion (D.E. 16) which seeks an order requiring Eckert to plead in reply to his qualified immunity defense, pursuant to Federal Rule of Civil Procedure 7(a)(7). *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

---

[3] Unless and until the fact determination is made that O'Sullivan acted only in the course and scope of his government employment, any assessment of the viability of his defenses would be an improper advisory opinion. *See generally*, *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 898 (5th Cir. 2000).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the City's motion to dismiss (D.E. 8). The Court **GRANTS IN PART** and **DENIES IN PART** O'Sullivan's motion (D.E. 16), denying the request to dismiss the claims made against him and **ORDERING** Eckert to plead in reply to the qualified immunity defense on or before **July 15, 2020**.

ORDERED this 29th day of June, 2020.

*/s/ Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE